UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Umer Masood,

            Petitioner,

vs.                               REPORT AND RECOMMENDATION

County of Winona,

            Respondent.            Civ. No. 07-4526 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Umer Masood for a Writ of Habeas Corpus under Title 28 U.S.C. §2254. For reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

(continued...)

II. Factual and Procedural Background

The Petitioner is a prisoner of the State of Minnesota, who is currently incarcerated at the Prairie Correctional Facility, in Appleton, Minnesota. He is serving a 115-month sentence, which was imposed in 2002. See, Petition, Docket No. 1, at p. (7), §17. However, the Petitioner is **not** challenging his conviction and sentence for which he is presently incarcerated. His Petition expressly states that he is challenging, instead, a sentence "already served 2000-2001." Id.

The conviction and sentence, which are at issue in this case, were entered in 1999, in a criminal case brought against the Petitioner in the State District Court for Winona County, Minnesota. Id. at p. (2), §§1-2. In that 1999 case, the Petitioner pled guilty to "aiding and abetting second degree assault," and he was sentenced to "1 year + 1 day." Id. at §§3-5. It appears that the Petitioner did not serve that sentence immediately after Judgment was entered. The Petitioner alleges that he was "placed on EJJ," instead, presumably meaning "Extended Juvenile Jurisdiction," which apparently was some form of suspended sentence, probation, or conditional release. Id. at p. (5), §§12A. and 12B. It further appears that the Petitioner violated the terms

---

[1](...continued)
dismiss the petition and direct the clerk to notify the petitioner."

and conditions of his "EJJ" and, as a result, his "EJJ" was revoked. Id. He then served his original year-and-a-day sentence. Id. As previously noted, the Petitioner completed that sentence in 2001. Id. at p. (7), §17.

The Petitioner did not file a direct appeal after he was convicted and sentenced in his 1999 State criminal case. Id. at p. (1), §8. In fact, he has never previously sought **any** review of his conviction or sentence in that case, in any State or Federal Court proceeding. Id. at p. (3).

The Petitioner is now challenging his conviction and sentence in his 1999 State criminal case, for the first time, in his current Federal Habeas Corpus Petition. The present Petition lists four grounds for relief: 1) that he was denied his right to appeal, because he was "coerced into accepting EJJ" by threats made by a probation officer; 2) that he was denied his right to appeal after his EJJ was revoked; 3) that he was denied effective assistance of counsel, because his "public defender was not involved in plea bargain negotiations;" and 4) that his conviction should be vacated because he "did not understand what EJJ was," and he "did not understand the consequences of the plea bargain." Id. at pp. (5)-(6), §12.

However, each of those claims, as well as any other claims pertaining to the Petitioner's 1999 State criminal case, must be summarily denied, because the Petitioner is no longer in custody pursuant to the sentence imposed in that case.

### III. Discussion

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '**in custody** in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989)(per curiam), quoting 28 U.S.C. §2254(a) [emphasis added by the Supreme Court]; see also, Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995); Weaver v. Pung, 925 F.2d 1097, 1099 (8th Cir. 1991), cert. denied, 502 U.S. 828 (1991). Furthermore, the Supreme Court has "interpreted the statutory language [of Section 2254(a)] as requiring that the habeas petitioner be 'in custody' **under the conviction or sentence under attack at the time his petition is filed**." Id. at 490-91 [emphasis added]. Therefore, once a person has fully served a State prison sentence, he cannot thereafter seek Federal Habeas Corpus review of that sentence, or the conviction that caused it.

When the Petitioner filed his current Petition, he was **not** in custody pursuant to the 1999 State Court conviction that he is now attempting to challenge. The

Petitioner has expressly acknowledged that his sentence for that conviction was "already served [in] 2000-2001." Petition, supra at p. (7), §17. Therefore, the Petitioner cannot satisfy the "in custody" requirement imposed by Title 28 U.S.C. §2254(a). See, Maleng v. Cook, supra at 491 ("We have never held * * * that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has **fully expired** at the time his petition is filed.")[emphasis in original]. Since the Petitioner was not in custody for his 1999 State Court conviction when he filed his current Petition, this action must be summarily dismissed for lack of jurisdiction. See, Love v. Tippy, 128 F.3d 1258, 1258 (8th Cir. 1997); Charlton v. Morris, 53 F.3d 929, 929 (8th Cir. 1995), cert. denied, 516 U.S. 926 (1995); Miles v. Maschener, 175 F.3d 1025 (8th Cir. 1999)(Table Decision).

We recognize that the Petitioner is currently being prosecuted in another Minnesota State Court criminal case. See, Petition, supra at p. (5), §12.A.; see also, Masood v. State of Minnesota, Civ. No. 07-4406 (PJS/RLE). We also recognize that it is possible that the Petitioner's 1999 State Court conviction and sentence could affect the sentence that **might** be imposed against him in that other pending State criminal action. In particular, the Petitioner may someday receive an enhanced State prison sentence because of the 1999 conviction that he is attempting to challenge here.

However, the mere possibility of an enhanced sentence in the future does not alter the fact that the Petitioner is not currently "in custody" for the conviction he is attempting to challenge here. See, Miles v. Maschener, supra at *1 (prisoner could not satisfy the in custody requirement by arguing his prior conviction "could delay parole from his current sentence").[2]

There may also be other aftereffects attributable to the Petitioner's 1999 State Court conviction and sentence, besides possible future sentence enhancements, and such "collateral consequences" may mean that Petitioner's conviction and sentence are not entirely moot for all purposes. See, Carafas v. LaVallee, 391 U.S. 234, 237 (1968)(noting that "collateral consequences" of a conviction, such as the inability to

---

[2]Needless to say, the Petitioner cannot presently challenge any enhanced sentence resulting from his 1999 State criminal conviction, because no such sentence has yet been imposed. Furthermore, the Petitioner obviously has not exhausted his State Court remedies for any such yet-to-be-imposed enhanced sentence, which he would have to do before seeking Federal Habeas review. See, Title 28 U.S.C. §2254(b). Finally, although we make no judgment here, it is doubtful whether the Petitioner's prior conviction could ever be reviewed in a Federal Habeas proceeding, even if that conviction causes him to receive an enhanced sentence, and he exhausts all available State Court remedies for challenging that sentence. See, Partee v. Hopkins, 30 F.3d 1011, 1012 (8th Cir. 1994)("[T]here is no federal constitutional right to collaterally attack a prior conviction used to enhance a sentence on any constitutional ground other than failure to appoint counsel for an indigent defendant"), cert. denied, 513 U.S. 1166 (1995).

vote, engage in certain businesses, hold public office, or serve as a juror, may prevent a case from being "moot"). However, such collateral consequences alone do **not** satisfy the Section 2254(a) "in custody" requirement. As the Supreme Court explained in <u>Maleng v. Cook</u>, supra at 492, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." Therefore, even though the Petitioner's 1999 conviction and sentence may cause him to suffer some future sentence enhancement, or other collateral consequences, that is not enough to satisfy the statutory "in custody" requirement.

In sum, because the Petitioner is no longer serving his sentence for his conviction in 1999, he cannot satisfy the "in custody" prerequisite for seeking Federal Habeas Corpus review of that conviction. Accordingly, this case must be summarily dismissed for lack of jurisdiction.[3] Lastly, since the Petitioner has failed to present a

---

[3]We note that even if the Petitioner could satisfy the "in custody" requirement, and thereby remove the jurisdictional impediment that is causing this action to be dismissed, it appears that the merits of his present Habeas Corpus claims still could not be considered, because this action was not brought within the one-year limitation period prescribed by <u>Title 28 U.S.C. §2244(d)</u>. Furthermore, it appears that the Petitioner has not exhausted his State Court remedies on his current claims for relief, as required by Title 28 U.S.C. §2254(b). Therefore, even if the Petitioner were in
(continued...)

Habeas Corpus claim upon which relief can be granted, we further recommend that his Application to proceed in forma pauperis, ("IFP"), be denied as moot. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074 n. 3 (8th Cir. 1996)(IFP application should be denied where Habeas Petition cannot be entertained).

NOW, THEREFORE, It is –

RECOMMENDED:

1.  That the Petitioner's Application for a Writ of Habeas Corpus [Docket No. 1] be denied.

2.  That the Petitioner's Application to proceed in forma pauperis [Docket No. 2] be denied as moot.

3.  That this action be summarily dismissed for lack of jurisdiction.

Dated: November 20, 2007            s/Raymond L. Erickson

                                            Raymond L. Erickson
                                            CHIEF U.S. MAGISTRATE JUDGE

---

[3](...continued)
custody, and even if the one-year statute of limitations were not yet expired, the present Petition would still have to be summarily dismissed due to non-exhaustion.

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **December 7, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 7, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.